IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **John Hill, doing business as JH Designs,** | : | |
| | : | **Case No. 2:12 CV 0984** |
| Plaintiff, | : | |
| | : | |
| v. | : | **Judge Gregory L. Frost** |
| | : | **Magistrate Judge Kemp** |
| **The Ohio State Univ. T&L,** | : | |
| et al. | : | |
| | : | |
| Defendants. | : | |

**MOTION OF THE OHIO STATE UNIVERSITY DEFENDANTS
TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B), Defendants The Ohio State University Trademark & Licensing, Mr. Richard A. Van Brimmer, The Ohio State University Marching Band, and Mr. Jon R. Woods (collectively, "The Ohio State University Defendants") respectfully request an order from this Court dismissing the Amended Complaint of Plaintiff John Hill ("Hill") on the basis that Hill has failed to state a claim upon which relief can be granted.

As more fully explained in the accompanying Memorandum in Support, Hill's Amended Complaint fails to state a claim for copyright infringement because (1) Hill has failed to adequately plead his ownership of registered copyrights and (2) has failed to demonstrate with even the most bare assertion that The Ohio State University Defendants infringed such registered copyrights in an actionable manner or within the statute of limitations for such a claim. The Sixth Circuit has recognized that copyright actions are prone to abusive litigation like Hill's Amended Complaint and require the plaintiff to meet a heightened pleading standard. Hill has not done so.

Hill also fails to state a claim based upon any of the laundry list of statutes and causes of actions listed in Paragraph 23 of the Amended Complaint, and Hill's attempt to avoid his pleading obligations by using non-exhaustive phrases (e.g., "and other statutes") violates notice pleading requirements.  Further, based on Hill's admitted sole reliance on his purported ownership of copyright registrations, the Copyright Act preempts any other claim Hill could assert, including all claims listed in Paragraph 23 of the Amended Complaint.

The Ohio State University Defendants respectfully request an order dismissing Hill's Amended Complaint and ordering Hill to pay their costs and fees incurred herein.

                Respectfully submitted,

                /s/ Kevin T. Shook
                Kevin T. Shook (0073718) (Trial Attorney)
                Samantha M. Quimby (0081968)
                FROST BROWN TODD LLC
                One Columbus, Suite 2300
                10 West Broad Street
                Columbus, Ohio 43215-3484
                Phone: (614) 464-1211
                Fax:   (614) 464-1737
                E-mails:  kshook@fbtlaw.com
                            squimby@fbtlaw.com

                Austin Padgett (0085368)
                FROST BROWN TODD LLC
                301 East Fourth Street
                3300 Great American Tower
                Cincinnati, Ohio 45202
                Telephone:  (513) 651-6753
                Fax:   (513) 651-6981
                Email: apadgett@fbtlaw.com

                *Attorneys for Defendants The Ohio State University Trademark & Licensing, Mr. Richard A. Van Brimmer, The Ohio State University Marching Band, and Mr. Jon R. Woods*

# MEMORANDUM IN SUPPORT OF THE OHIO STATE UNIVERSITY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

## I. INTRODUCTION

Plaintiff John Hill's ("Hill") Amended Complaint goes on for five pages but does not state a cognizable claim.  In his Amended Complaint, Hill alleges in a conclusory fashion without any factual support that Defendants The Ohio State University Trademark & Licensing, Mr. Richard A. Van Brimmer, The Ohio State University Marching Band, and Mr. Jon R. Woods ("The Ohio State University Defendants") and/or other defendants owe him over $100,000, but Hill completely fails to state how or why that amount is owed to him.  The vague gravamen of Hill's Complaint is that he created some designs that are registered at the Copyright Office.  Then, in a string of seemingly unrelated paragraphs and bare assertions, Hill alleges that certain parties are "in bed together" and "colluded."  Blatantly missing from Hill's Amended Complaint is an explanation of the actions that amount to a cognizable claim that he has standing to bring.  As a result, Hill has failed to state a claim and he has failed to support his bare, conclusory allegations, which do not amount to a violation of law.

## II. BACKGROUND AND PROCEDURAL POSTURE

Hill initiated this action by filing an application to proceed *in forma pauperis* on October 23, 2012, which the Court subsequently denied.  *See* ECF Nos. 2, 3.  Hill provided additional information to the Court in a filing on November 2, 2012, and the Court permitted Hill to proceed *in forma pauperis* by an order issued November 23, 2012.  ECF Nos. 5, 6.  Hill filed his original complaint against a number of defendants on November 23, 2012 (ECF No. 7), but

voluntarily amended his pleadings by filing his Amended Complaint on December 28, 2012 (ECF No. 10).

When Hill amended his complaint, he *replaced* the original petition with the amended pleading. *See Florida Dept. of State v. Treasure Salvors, Inc.,* 458 U.S. 670, n. 2 (1982) ("It is the complaint which defines the nature of an action, and once accepted, an amended complaint replaces the original."); *Parnell v. West,* 114 F.3d 1188 (Table), 1997 WL 271751 at*3 (6th Cir. 1997) (holding that a claim was abandoned when it was not stated in an amended complaint). Upon amending the pleadings, the amended complaint, not the original complaint, is the "legally operative" complaint. *See Parry v. Mohawk Motors of Michigan, Inc.,* 236 F.2d 299, 306–07 (6th Cir. 2000) (holding that the amended pleading is the "legally operative" document and not the original complaint). The abandonment of the original complaint applies to all parties, including those acting *pro se*. *See, e.g., Bozsik v. Bradshaw*, No. 1:03CV1625, 2010 WL 702230, at *34 (N.D. Ohio June 4, 2010) (rejecting pro se plaintiff's references to the original complaint because it "causes unnecessary confusion" and because pro se petitioner "replaced the original petition with the amended petition"); *James v. Guaranteed Rate, Inc.,* No. 1:09CV673, 2011 WL 1113252, *2 (S.D. Ohio March 22, 2011) (finding in action filed by pro se plaintiff that, "upon the filing of the amended complaint, the original complaint is simply a nullity.").

The Ohio State University Defendants also note that Hill has filed a Response in Opposition to ECF No. 19, which is a motion to dismiss filed by defendants other than The Ohio State University Defendants. *See* ECF No. 25. In the text of his filing, however, Hill states that his "response" is "to address only the Defendants 'Ohio State University Trademark & Licensing,' and the Defendant Mr. Rick Van Brimmer." ECF No. 25. This Motion to Dismiss is The Ohio State University Defendants' first filing, and the Court should disregard matters

2

outside of the pleadings, including Hill's "response" filed as ECF No. 25. Further, Hill has subjected the Court and the defendants to a campaign of unexplained filings with the court of various documents, none of which are referenced in his Amended Complaint. To be clear, the documents filed with the Court do not contain substantive facts or allegations against The Ohio State University Defendants that would give rise to an actionable claim.

The only document at issue is the text of the Amended Complaint. Through this motion, The Ohio State University Defendants seek dismissal of all claims against them because Hill has failed to state a claim within the four corners of the Amended Complaint. In considering a Rule 12(b)(6) motion, the general rule is that the "court may not consider . . . any facts outside the complaint." *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001); *Kostrzewa v. City of Troy,* 247 F.3d 633, 643 (6th Cir. 2001) (citing treatise to state that "[t]he district court, in reviewing a motion to dismiss, may not consider matters beyond the complaint"). Hill cannot subsequently alter his pleadings by filing additional documents with the Court and cannot resurrect his original complaint.

Hill's Amended Complaint makes factual allegations related to The Ohio State University Defendants in only two locations, which Hill notes in the left margin of his Amended Complaint. First, in Paragraphs 3 and 4, Hill states that he presented a t-shirt design in 1986 to Dr. Jon Woods and that "On Information and belief, there was bias and restriction tactics used against Plaintiff by alumni group personnel and Defendant #8 to deter marketing of this design, which is copyright VA 219 293." There is no further explanation of these events, the parties at issue, the basis of Hill's conclusory allegations, or the activities that purportedly amount to "bias and restriction tactics." Second, in Paragraph 13, Hill explains that he approached certain defendants to obtain a license to put his product on the market, and in Paragraphs 18 and 19, Hill

3

explains that he entered an agreement in 2006 for a certain defendant to order a small quantity of "Koozies," which was subsequently cancelled. As described below, none of these allegations arise to a violation of law and subject Hill's Amended Complaint to dismissal.

### III. ARGUMENT:  Hill's Amended Complaint fails to state a claim upon which relief can be granted.

Hill's Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) because the Amended Complaint does not present plausible grounds for relief or allege facts creating the required plausibility. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (affirming dismissal because complaint presented only "conceivable" grounds for relief and rejecting Rule 12(b)(6) standard in *Conley v. Gibson*, 355 U.S. 41 (1955)). Under the dismissal standard set forth in *Twombly*, factual allegations must "raise a right to relief above the speculative level," and the Complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *See CGH Transport, Inc. v. Quebecor World, Inc.*, 261 Fed. App'x. 817, 819 (6th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). Moreover, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Hill must show "more than a sheer possibility" that The Ohio State University Defendants have acted unlawfully. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949

Under Rule 12(b)(6), a court must accept all of the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). "That said, a court does not accept as true the bare assertion of legal conclusions,

4

nor does it accept as true legal conclusions or unwarranted factual inferences." *City of Monroe Employees Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 665 (6th Cir. 2005), *cert. denied*, 546 U.S. 936 (2005); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Indeed, the plaintiff must offer "more than the bare assertions of legal conclusions." *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997), *cert. denied*, 523 U.S. 1106 (1998).

Moreover, a district court must dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e)(2) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. 28 U.S.C. § 1915(e)(2)(B); *see Neitzke v. Williams,* 490 U.S. 319 (1989); *Lawler v. Marshall,* 898 F.2d 1196 (6th Cir.1990); *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir.1996).

### a.  Hill's Amended Complaint fails to state a copyright infringement claim.

Hill states in paragraph 22 of his Amended Complaint that "[t]his case arises out of Property Rights & Copyright Law . . ." However, Hill's Amended Complaint falls far short of the pleading standard required for copyright infringement actions. To the extent Hill has attempted to allege a copyright infringement claim, any such claims should be dismissed because the Amended Complaint: (a) does not even attach the copyright registrations that would support Hill's ownership of any copyright; (b) merely makes blanket assertions of infringement without any factual allegations that The Ohio State University Defendants copied the constituent elements of an original work copyrighted by Hill; and (c) is barred by the applicable statute of limitations.

To establish copyright infringement, two elements must be pled and proven: ownership of a valid copyright and defendant's copying of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 1296 (1991). In the context of copyright infringement, the Sixth Circuit has established that a greater particularity in pleading is required. *Nat'l Bus. Dev. Servs., Inc. v. Am. Credit. Educ. And Consulting, Inc.,* 299 F. App'x 509, 512 (6th Cir.2008). This heightened standard is necessary because copyright cases are conducive to "abusive litigation." *Id.* Therefore, a showing of plausible grounds for relief is required. *Id.* Plausible grounds calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of unlawful conduct. *Id.* These pleading requirements apply to all plaintiffs, including those proceeding *pro se. See Garrett v. Belmont Co. Sheriff's Dept.,* No. 08–3978, 2010 WL 1252923, at *2 (6th Cir. Apr.1, 2010); *Nat'l Bus. Devel. Serv., Inc. v. American Credit Educ. and Consulting, Inc. .,* 299 F. App'x 509, 511 (6th Cir. 2008). Hill's Amended Complaint falls far short of pleading facts to support any claim of copyright infringement.[1]

First, Hill fails to prove that he owns the copyrights listed in the Amended Complaint. Hill's bare assertion of copyright ownership is not supported with any documentation, and, to the extent that Hill's Amended Complaint seeks to assert a copyright infringement action, it should be dismissed. *See Vargas v. Pfizer,* 418 F.Supp.2d 369, 373 (S.D.N.Y. 2005) (granting defendant's motion to dismiss because plaintiffs did not attach a certificate of registration for the copyrights asserted in the pleadings).

Second, Hill's Amended Complaint fails to allege facts that demonstrate defendant's copying of constituent elements of the work that are original. In *National Business Development*

---

[1] Dismissal is even more appropriate because the renowned design on The Ohio State University's drum major uniform has been in use since at least 1952, well before Hill's alleged creation of his "design."

*Services, Inc. v. American Credit Education and Consulting, Inc.,* the Sixth Circuit upheld dismissal of the plaintiff's complaint which contained a "blanket assertion of entitlement to relief," but did not "contain any factual allegations supporting that assertion." 299 Fed.App'x. at 512. There was neither an identification of a work produced by the defendants that infringed upon the plaintiff's copyrighted work, nor a description of the manner in which the defendants' works infringed upon a work of the plaintiff. *Id.* The Sixth Circuit held that a district court should not accept such bare legal conclusions and agreed with the district court that the plaintiff's complaint was insufficient because it amounted to no more than a speculative claim that the defendants may have produced some work that in some way infringed upon the plaintiff's works. *Id.*

Hill's Amended Complaint is even more deficient than the plaintiff's complaint in *National Business Development Services* and does not satisfy the "greater particularity in pleading" requirement for copyright actions. Hill has not identified a single item that infringed on Hill's purportedly copyrighted work or even identified what Hill's copyrighted work actually is.  Further, Hill has not described the manner in which The Ohio State University Defendants' actions infringed upon Hill's purported copyrights in order to adequately give The Ohio State University Defendants notice of the claim(s) Hill is asserting.  Nowhere in Hill's Amended Complaint does he even make a conclusory, broad statement of what constitutes the protectable subject matter of the alleged copyrights at issue.  By not demonstrating originality in the copyrighted works or what original elements were copied by The Ohio State University Defendants, Hill does not adequately plead a claim based on copyright infringement.  Instead, Hill's Amended Complaint provides, at best, unsupported and conclusory allegations, and, as the

Sixth Circuit has previously ruled, legal conclusions are not sufficient in satisfying the plausibility standard of pleading.

Moreover, Hill's assertion of a copyright infringement claim is barred on its face because it is not timely under the Copyright Act's three-year statute of limitations. The Copyright Act has a three-year statute of limitations for civil infringement actions. 17 U.S.C. § 507(b) (stating "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued"). The latest date on the face of Hill's Amended Complaint in the sections Hill labeled as relating to "The Ohio State University Defendants" is 2006 in Paragraph 18 regarding an alleged "agreement with the OSU MB." There is no infringing act alleged in Hill's complaint, but, even with the latest date provided, the matter falls beyond the three-year limitations period provided under the Copyright Act.

> b. **Hill's Amended Complaint fails to adequately plead any other claim.**

Without any explanation, factual support, or any other information, Hill lists a stream of statutes and legal terms (e.g., fraud) in Paragraph 23 of his Amended Complaint. It is unclear whether Hill is purporting to raise these statutes and legal terms as causes of action. If Hill did intend to allege claims beyond copyright infringement, the Amended Complaint is completely devoid of any facts that remotely explain or support such claims and does not specify which defendants any such claims are waged against. To the extent Hill is attempting to assert these claims, he again falls far short of pleading standards. The list in Paragraph 23 violates Rule 10(b)'s requirement that separate causes of action be separated into individual counts. *See* Rule 10(b); *Feutz v. Massachusetts Bonding & Ins. Co.,* 85 F.Supp. 418, 428 (E.D. M. 1949) (refusing to consider additional theories of liability mentioned under a single paragraph where the

8

complaint purported to be based on one count because the additional claim of liability should have been named in a separate count). Also, as demonstrated below, it is clear that Hill is merely listing statutes and names of causes of action without performing any due diligence inquiry as to whether the statute is applicable and without providing any factual support.

> i. **Hill's Amended Complaint does not adequately plead a fraud claim.**

Under Ohio law, fraud is defined as (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. *Schreiber v. State Farm Ins. Co.*, 494 F. Supp. 2d 758, 768 (S.D. Ohio 2007). Rule 9(b) of the Federal Rules of Civil Procedure provides that in a claim of fraud "[t]he circumstances constituting fraud . . . shall be stated with particularity. Fed. R. Civ. P. 9(b). To satisfy this requirement, the plaintiff must specifically detail the facts and circumstances that are claimed to constitute fraudulent conduct. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n,* 176 F.3d 315, 322 (6th Cir. 1999) (quoting *Coffey v. Foamex L.P.,* 2 F.3d 157 161–62 (6th Cir. 1993) (requiring plaintiff to "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants). To be sure, Hill has not met this requirement. Not only does the Amended Complaint fail to indicate the time, place or content of any alleged fraud, but the Amended Complaint fails to allege any facts whatsoever that that the Ohio State University Defendants made any material misrepresentations of omissions that Hill could have reasonably

9

relied upon and that caused him damages. Accordingly, to the extent a claim for fraud has been alleged against The Ohio State University Defendants, any such claim should be dismissed as a matter of law.

              **ii.**        **Hill's Amended Complaint does not adequately plead a claim under 42 U.S.C. §1985.**

Paragraph 23 of Hill's Amended Complaint lists "Conspiracy to Interfere" and associates the claim with "28 U.S.C. § 1343 sec. 1985 title 42." Section 1343 of title 28 is merely a jurisdictional statute that references Section 1985 and grants the federal courts jurisdiction over such claims. Section 1985 of title 42, United States Code, is a civil rights statute that forbids conspiracies to interfere with civil rights by (1) preventing a federal officer from performing his or her duties; (2) obstructing justice by intimidating a party, witness, or juror; or (3) depriving persons of rights or privileges, including the right to equal protection of the laws and the right to vote. 42 U.S.C. §1985. The plaintiff in a civil-rights action brought under § 1985 must plead facts with specificity, and a complaint containing only broad and conclusory statements unsupported by a factual basis cannot withstand a motion to dismiss. *See Watson v. Devlin,* 167 F.Supp. 638 (E.D. Mich 1958), order aff'd, 268 F.2d 211 (6th Cir. 1959). Hill has failed in every respect to raise a claim under this statute. There are no allegations of a civil rights violation and, likewise, no specific facts that give rise to any particular section of § 1985. Accordingly, to the extent a claim has been alleged against The Ohio State University Defendants for violation of section 1985 of title 42 of the United States Code, any such claim should be dismissed as a matter of law.

### iii. Hill's Amended Complaint does not adequately plead a "Conspiracy Against Trade" claim.

Hill's Amended Complaint Paragraph 23 lists "Conspiracy Against Trade" and associates the claim with "28 U.S.C. § 1331.01, § 1331.04." No such statute exists under federal statutes—28 U.S.C. § 1331 (which contains no decimal subdivisions) is the grant of federal question jurisdiction to the federal courts. To the extent Hill is attempting to invoke the Ohio Monopoly Law, Ohio Rev. Code § 1331.04, he again fails to state a claim. First, R.C. Chapter 1331 includes a variety of antitrust laws coming under the umbrella of "conspiracy against trade"—for example, price fixing. Chapter 1331 prohibits only certain actions made by specific classes of "persons." *See* Ohio Rev. Code § 1331 (limited definition of "person"). Hill fails to describe which provisions of Chapter 1331 have been violated, which Defendants in this lawsuit he claims violated these provisions or any facts that would remotely support a claim that The Ohio State University Defendants ran afoul of Ohio's monopoly laws. This is particularly true because the Sixth Circuit has recognized a heightened pleading standard for antitrust-related actions because of the risk of abusive litigation. *See Nat'l Bus. Dev. Servs., Inc. v. Am. Credit. Educ. And Consulting, Inc.,* 299 F. App'x 509, 512 (6th Cir.2008), citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (finding that "[o]n certain subjects understood to raise a high risk of abusive litigation, a plaintiff must state factual allegations with greater particularity that Rule 8 requires). Hill completely fails to make such a showing, and his Amended Complaint should be dismissed.

> iv. **Hill's Amended Complaint does not adequately plead claim under chapter 13 of title 17.**

Paragraph 23 of Hill's Amended Complaint also lists "28 U.S.C. § 1338 ch. 13 Title 17." However, Section 1338 of Title 28, United States Code, is merely a jurisdictional statute that grants the federal courts with jurisdiction over certain intellectual property claims. Section 1338 does reference Chapter 13 of Title 17 in the text, but Hill has not pled a claim under Chapter 13 of Title 17 of the United States Code. Section 1301 of title 17 of the United States Code does offer protection to certain "useful articles" as defined by the statute. The definition of "useful article" under chapter 13 of Title 17 is limited to a "vessel hull or deck." 17 U.S.C. § 1301 (definition of "useful article"). That is, Chapter 13, while having the title "Protection of Original Designs," does not protect so-called "original designs" of any ilk; rather, the statute is limited to the protection of boat hull designs—a protection that was later added to the Copyright Act, which did not previously provide protection to such designs. Hill makes no reference to boat hull or deck designs in his Amended Complaint, and it is clear that he has not actually read the statutes that he asserts in his deficient Amended Complaint. Accordingly, to the extent Hill has attempted to allege a claim under Chapter 13 of Title 17 of the United States Code, any such claim should be dismissed as a matter of law.

> v. **There is no "Contracts to Interference" claim as a matter of law.**

Hill's Amended Complaint Paragraph 23 lists "Contracts to Interference" in connection with "28 U.S.C. § 2680, § 2822." No such claim exists under law. First, 28 U.S.C. § 2822 does not exist in the United States Code. Second, 28 U.S.C. § 2680 is merely a list of exceptions to the Federal Tort Claims Act, which allows parties to sue the United States in federal courts in

12

certain circumstances. The exceptions do include a reference to "[a]ny claim arising out of assault, battery, . . . *interference with contract rights* . . ." 28 U.S.C. § 2680(h). However, the inclusion of this statute is nonsense—the United States is not a party to this action—and further underscores why this court should dismiss the Amended Complaint for failure to state a claim upon which relief can be granted.[2]

### vi. Hill fails to state a claim for "theft" and "counterfeiting."

Hill closes Paragraph 23 by listing "theft" and "counterfeiting."[3] This list does not reference any common law or specific statute giving rise to such claims. Nor does the Amended Complaint include any facts that remotely connect any of The Ohio State University Defendants to an alleged theft or counterfeiting. With regard to a "theft" claim, such a claim may exist under state criminal law, but Hill does not have standing to prosecute criminal claims. Moreover, Hill fails to adequately plead any civil "theft" claim because he fails to identify the conversion of any property—particularly any tangible property. *See United States ex rel. Berge v. Bd. of Trustees of the Univ. of Ala.,* 104 F.3d 1453, 1463 (4th Cir. 1997) (holding conversion claim preempted because "what is crucial is that Berge makes no claim that appellants converted any tangible objects embodying her intellectual property").

---

[2] Being a *pro se* litigant is not a license for Hill to state and do whatever he wants. There is not a different standard for Rule 11 sanctions for attorneys and non-attorneys. *See Spurlock v. Demby,* No. 92-3842, 1995 WL 89003, at *2 (6th Cir. Mar. 2, 1995) (stating that Rule 11 "speaks of attorneys and parties in a single breath and applies to them a single standard"). Pro se filings do not serve as an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Griver v. Irvin,* No. 1:06CV53, 2007 WL 4441214, at *4 (W.D. Ky. Dec. 17, 2007) (granting Rule 11 sanction of attorney's fees against pro se plaintiffs for filing an unreasonable motion to amend judgment); *see also Cooksey v. McElroy,* No. 1:07CV581, 2008 WL 4367593, at *25 (S.D. Ohio Sept. 24, 2008) (finding that it is appropriate to impose sanctions against a pro se plaintiff for his violation of Rule 11).

[3] Hill's list also includes "fraud," which is handled above. Regardless of the body of law or claim Hill is referencing with regard to a fraud-related cause of action, Rule 9 requires a heightened pleading standard.

Hill's reference to "counterfeiting" fails for the same reasons. "Counterfeiting" is a generic reference that may refer to a number of illegal activities—for example, criminal counterfeiting of U.S. obligations and securities.[4] Like "theft," an indefinite reference to "counterfeiting" without reference to any body of law or the defendants he is asserting the claim against does not adequately put The Ohio State University Defendants on notice of the claims at issue and the potential defenses to them. Second, Hill has not alleged any facts that arise under any concept of "counterfeiting." *See Jules Jordan Video, Inc. v. 144942 Canada Inc.,* 617 F.3d 1146 (9th Cir. 2010) (finding that claim regarding sales of "counterfeit" copies of work was preempted by the Copyright Act since the essence of the claim was within the subject matter of copyright). Accordingly, to the extent Hill has attempted to allege "theft" or "counterfeiting" claims against The Ohio State University Defendants, such claims should be dismissed. *See Torrance v. Cincinnati Mortg. Co. Inc.,* No. 1:08CV403, 2009 WL 853971, at *1, 3 (S.D. Ohio March 25, 2009) (rejecting *pro se* plaintiff's "laundry list" of claims because he fails to provide any factual basis to support them and rejecting leave to amend because of futility).

> **vii.** **All claims (other than copyright infringement) listed by Hill in Paragraph 23 of the Amended Complaint are preempted by the Copyright Act because, as Hill admits, Hill's Amended Complaint attempts to assert a claim arising only from the protections afforded by the Copyright Act.**

Hill states in Paragraph 22 of his Amended Complaint that his "case arises out of Property Rights & Copyright Law, Title 17 U.S.C. 501 and related laws and statutes." However, as described above, in Paragraph 23 of his Amended Complaint, Hill provides a "laundry list" of entirely unrelated statutes without any additional explanation. In effect, it appears that Hill

---

[4] *See* 18 U.S.C. §§471, 472, 473.

14

believes that he has pled a copyright infringement claim (which he has not) and that copyright infringement gives rise to additional claims for relief. This is a misstatement of law because a copyright claim preempts all other relief arising from the alleged infringement of a right secured by the Copyright Act. *See Stromback v. New Line Cinema,* 384 F.3d 283, 302 (6th Cir. 2004) (affirming the trial court's determination that a commercial misappropriation claim and tortious interference claim were preempted by the Copyright Act's preemption provision as the claims arose from the allegations of copyright, display, and distribution and were not qualitatively different from a copyright infringement claim).

Because Hill has attempted to assert a claim under the Copyright Act, Hill's laundry list of claims set forth in Paragraph 23 of the Amended Complaint are preempted. *See id.; see also ATC Distribution Group, Inc. v. Whatever It Takes Transmissions & Parts, Inc.,* 402 F.3d 700, 713–14 (6th Cir. 2005) (finding the Copyright Act preempted competitor's unfair competition, unjust enrichment, and misappropriation claims); *Tegg Corp. v. Beckstrom Electric Co.* 650 F.Wupp.2d 413 (W.D. Pa. 2008) (finding competitor corporation's civil conspiracy, tortious interference, and conversion claims were preempted by the Copyright Act because the allegations were not qualitatively different than the nature of a copyright infringement claim); *Curcio Webb LLC v. National Benefit Programs Agency, Inc.,* 267 F.Supp.2d 1191, 1209 – 14 (S.D. Ohio 2005) (finding Ohio common law unfair competition claim was preempted by Copyright Act because plaintiff's claim, by plaintiff's own admission, was predicated on the defendant's alleged copying of a copyrighted work). Without additional facts to support any of the claims asserted in Paragraph 23, these claims are preempted by the Copyright Act and should be dismissed as a matter of law.

  c. **Hill's references to "other statutes" and refusal to name his causes of action must be dismissed because they violate the fundamental policies underlying notice pleading requirements.**

The Ohio State University Defendants also requests that the Court strike any references and/or dismiss any claims based upon causes of action that Hill has not asserted or even named in the Amended Complaint. As explained above, Hill includes a list of irrelevant and non-existing statutes in Paragraph 23 of his Amended Complaint, but he further exposes his pleading's deficiencies by stating that the list is non-exhaustive: "Other Statutes and Titles include and are not limited to . . ." and ". . . and other statutes." Hill's attempt to allege claims based upon "any other statutes" that he has apparently not read or discovered as of filing the Amended Complaint is not permissible even under the most liberal pleading standards.

In bringing a claim, Hill's complaint must "be sufficient to give the defendant fair notice of what the claim is and the grounds upon which it rests." *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.,* 432 F.3d 496, 503 (6th Cir. 2008). The statement by Hill that his Amended Complaint is non-exhaustive directly violates The Ohio State University Defendants' right to have notice of the claims Hill alleges.[5] The Ohio State University Defendants cannot be expected to defend against claims that are not even pled. Pleadings which are "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised" are not entitled to adjudication and must be dismissed. *See Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988). Accordingly, all claims against the Ohio State University Defendants should be dismissed as a matter of law.

---

[5] Hill admits in his Opposition Memorandum to Defendant Hollywood Imprint's Motion to Dismiss (ECF No. 21) that he did not adequately plead facts against the defendants. He states that "[i]n affording the Defendants latitude and leaway [*sic*], to save face, Plaintiff did not list 'Factual allegations' in claim, and in fact waited for defendants to 'come clean', before filing this suit. Regarding Plaintiffs [*sic*] second attempt to plead, Mr. Hill will now serve notice of his pleadings against the Defendants . . ." That is, Hill alleges that he can use the Court's time and the opposing parties' resources through gamesmanship before the Court.

## IV. CONCLUSION

For all the above reasons, The Ohio State University Defendants request an order dismissing Hill's Amended Complaint in its entirety pursuant to Rule 12(b)(6) and § 1915(e)(2) and ordering Hill to pay The Ohio State University Defendants' costs and fees incurred herein.

Respectfully submitted,

/s/ Kevin T. Shook
Kevin T. Shook (0073718) (Trial Attorney)
Samantha M. Quimby (0081968)
FROST BROWN TODD LLC
One Columbus, Suite 2300
10 West Broad Street
Columbus, Ohio 43215-3484
Phone: (614) 464-1211
Fax:    (614) 464-1737
E-mails:  kshook@fbtlaw.com
          squimby@fbtlaw.com

Austin Padgett (0085368)
FROST BROWN TODD LLC
301 East Fourth Street
3300 Great American Tower
Cincinnati, Ohio 45202
Telephone:  (513) 651-6753
Fax:    (513) 651-6981
Email: apadgett@fbtlaw.com

*Attorneys for Defendants The Ohio State University Trademark & Licensing, Mr. Richard A. Van Brimmer, The Ohio State University Marching Band, and Mr. Jon R. Woods*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February 2013, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court system. Upon the undersigned's receipt of acceptance of this filing by the Clerk, a copy of the filed document will be sent to non-registered parties and counsel via regular U.S. Mail, postage pre-paid, whom the Clerk's notice of electronic filing indicated need to be notified by mail.

/s/ Kevin T. Shook
Kevin T. Shook (0073718)