IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN HILL,

    Plaintiff,

    v.

THE OHIO STATE UNIVERSITY T&L,
et al.,

    Defendants.

Case No. 2:12-cv-984
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of the following filings: a motion to dismiss (ECF No. 56) filed by Defendants Jupmode and John Amato; a memorandum in opposition (ECF No. 70) filed by Plaintiff, John Hill; and a revised memorandum in opposition (ECF No. 76) filed by Hill.  For the reasons that follow, the Court finds the motion to dismiss well taken.

### I.  Background

According to the Amended Complaint, Plaintiff, John Hill, is the holder of multiple copyrights.  Several of the copyrights are of The Ohio State University Marching Band uniform design and the remaining copyrights are for other marching band or drum corps uniforms from other institutions.  Hill wants to start a business in Ohio in which he would incorporate the various marching band uniforms into what he describes as useful articles.  He alleges that various defendants have acted to thwart his efforts.  These efforts present two basic sets of facts: one centering around The Ohio State University and one centering around the Garfield Cadets.

In 1986, Hill allegedly approached The Ohio State University Band Director Dr. Jon Woods and the band's alumni group with a tee shirt that incorporated Hill's copyrighted

1

Marching Band Uniform design.  Hill avers that his efforts only met with restrictive tactics by these parties used to deter the marketing of his design.  He has approached various defendants since 1989 about the use of his designs, but he has been unable to obtain a license for his products since approximately 1990.

Hill began to apply his designs on useful articles in 2005.  He also designed a sweater vest bottle koozie in 2006 to 2007, which he presented via a mutual friend to the wife of The Ohio State University's former football coach.  At an unspecified time, Hill alleges that Defendants Jupmode and John Amato infringed on his Drum Major design, colluded with other defendants, and committed copyright fraud.

In 2006, Hill then reportedly entered into an agreement with The Ohio State University Marching Band in which they would purchase koozies to sell.  Woods subsequently allegedly called Hill to halt the purchase order and told Hill that the band would later re-order.  Years passed without another order occurring.  Meanwhile, The Ohio State University continued to produce products that Hill asserts infringe on his copyrights.  At least some of the same stores that sold these products declined to carry Hill's products, which Hill characterizes as additional evidence of an overarching conspiracy against him.

In addition to approaching The Ohio State University, Hill also purportedly approached George Hopkins, the Director of the Garfield Cadets, with a tee shirt using a copyrighted design related to that particular group in 1988.  In 1989, Hill then acquired a vendor's license to market his designs at various shows throughout Ohio.  He pleads that "[o]nly one show was attended, due to rain and other circumstances."  (ECF No. 10 ¶ 6.)  In addition to the weather hindering his entrepreneurial efforts, Hill encountered a cease and desist letter from the Cadets – YEA! and Hopkins sometime in the late 1980's or early 1990's.  This resulted in Hill electing not to sell or

promote his products, although Hill has continued his attempts to persuade The Cadets – YEA! and Hopkins to sell his products when he has been contacted in fundraising efforts by those entities.  In 2004 and again in 2011, Hill contends that he discovered evidence of The Cadets – YEA! selling products that infringed on his copyright.

Proceeding *pro se*, Hill filed the instant action in October 2012.  In his Amended Complaint (ECF No. 10), which must necessarily be read in conjunction with a list of defendants generally identified by numbers in his pleading (ECF No. 9), Hill apparently asserts five claims related to the foregoing allegations of copyright infringement and breach of contract.  Jupmode and John Amato have filed a motion to dismiss all of the claims against them.  (ECF No. 56.) The parties have completed briefing on that motion, which is ripe for disposition.

## II. Discussion

### A. Motion to Dismiss

#### 1. Standard Involved

Jupmode and John Amato move for dismissal on the grounds that Hill has failed to set forth claims upon which this Court can grant relief.  This Federal Rule of Civil Procedure 12(b)(6) argument requires the Court to construe Hill's Amended Complaint in his favor, accept the factual allegations contained in that pleading as true, and determine whether the factual allegations present any plausible claim.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  Consequently, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

To be considered plausible, a claim must be more than merely conceivable. *Twombly*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise to right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

### 2. Analysis

Hill states in his Amended Complaint that "Defendant #4 was found to be infringing on Plaintiff[']s Drum Major design . . . ." (ECF No. 10 ¶ 20.) Jupmode is identified as Defendant #4. (ECF No. 9.) Hill further states in his Amended Complaint that "[o]n information and belief, Defendant's [*sic*] #'s [*sic*] 1, 2, 3, 4, 5, 6, 9, & 10, profited off of Plaintiff[']s IP & copyright designs." (ECF No. 10 ¶ 21.) Hill makes no other factual allegations or statements of any kind with regard to Jupmode or John Amato.

In the motion to dismiss, Jupmode and John Amato contend that Hill fails to allege sufficient factual allegations to support any claims. They further contend that the failure of Hill to allege specific factual allegations leave them with no notice of any claims asserted against them or factual circumstances giving rise to any claims. The Court agrees with Jupmode and John Amato.

In his memorandum in opposition to the motion to dismiss, Hill relies upon several new facts not alleged in the Amended Complaint, including new allegations that Jupmode and John Amato "infringed upon the Plaintiff's copyrighted works and injured him, both financially and denied him exclusive rights held by a copyright owner." (ECF No. 70, at PAGEID # 440.) In fact, Hill makes a point of stating that "[t]he Plaintiff; as was done in all of the other defendant's motions to dismiss, will now layout [*sic*] the facts with respect to 'Jupmode', and what has happened." (ECF No. 70, at PAGEID # 440.) Because none of these allegations are in the Amended Complaint, the Court cannot consider them as informing the motion to dismiss. *See United States v. Medquest Assocs., Inc.*, 702 F. Supp. 2d 909, 918 n.2 (M.D Tenn. 2010) (" 'It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.' " (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984))). Even if the Court were to ignore this blatant flaw, none of the new allegations provide the requisite specific factual details. Further, Hill speculates as to facts that he suggests would be revealed through future testimony. It is insufficient to speculate on what testimony may reveal; the facts must be plead. The statements set forth in the Amended Complaint are merely conclusory and fail to provide sufficient facts from which the Court can infer more than the mere possibility of misconduct on the part of Jupmode and John Amato.

With regard to the revised memorandum in opposition to the motion to dismiss (ECF No. 76), the Court should not consider this document as informing the motion to dismiss because Hill did not obtain proper leave of the Court prior to filing this revised memorandum. The Local Civil Rules provide:

> [O]pposing and Reply Memoranda. Any memorandum in opposition shall be served within twenty-one (21) days from the date of service set forth in the certificate of service attached to the Motion. Failure to file a

>memorandum in opposition may be cause for the Court to grant any Motion, 15 other than one which would result directly in entry of final judgment or an award of attorney fees. A reply memorandum may be served within fourteen (14) days after the date of service of the memorandum in opposition. No additional memoranda beyond those enumerated will be permitted except upon leave of court for good cause shown.

S. D. Ohio Civ. R. 7.2(a)(2)

Even if the Court were to consider the additional information in the revised memorandum in opposition to dismiss (ECF No. 76), it still does not allege facts that would be sufficient to defeat the motion to dismiss.

### III.     Conclusion

For the aforementioned reasons, the Court **GRANTS** Jupmode and John Amato's motion to dismiss. (ECF No. 56.)

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE