**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOHN HILL,**

       **Plaintiff,**

           **v.**

**THE OHIO STATE UNIVERSITY T&L,
et al.,**

       **Defendants.**

       **Case No. 2:12-cv-984
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp**

## OPINION AND ORDER

This matter is before the Court for consideration of the following filings: a motion to

dismiss (ECF No. 19) filed by Defendants Hollywood Imprints LLC, Bradley Doss, and Davidee

Doss; a memorandum in opposition (ECF No. 21) filed by Plaintiff, John Hill; a second

memorandum in opposition (ECF No. 25) filed by Hill; a supplement to the memoranda in

opposition (ECF No. 27) filed by Hill; and a reply memorandum (ECF No. 28) filed by

Hollywood Imprints LLC, Bradley Doss, and Davidee Doss.  For the reasons that follow, the

Court finds the motion to dismiss well taken.

### I.  Background

According to the Amended Complaint, Plaintiff, John Hill, is the holder of multiple

copyrights.  Several of the copyrights are of The Ohio State University Marching Band uniform

design and the remaining copyrights are for other marching band or drum corps uniforms from

other institutions.  Hill wants to start a business in Ohio in which he would incorporate the

various marching band uniforms into what he describes as useful articles.  He alleges that

various defendants have acted to thwart his efforts.  These efforts present two basic sets of facts:

one centering around The Ohio State University and one centering around the Garfield Cadets.

In 1986, Hill allegedly approached The Ohio State University Band Director Dr. Jon Woods and the band's alumni group with a tee shirt that incorporated Hill's copyrighted Marching Band Uniform design.  Hill avers that his efforts only met with restrictive tactics by these parties used to deter the marketing of his design.  He has approached various defendants since 1989 about the use of his designs, but he has been unable to obtain a license for his products since approximately 1990.

Hill began to apply his designs on useful articles in 2005.  He also designed a sweater vest bottle koozie in 2006 to 2007, which he presented via a mutual friend to the wife of The Ohio State University's former football coach.  During this same period of time, Hill was introduced to Defendants Hollywood Imprints LLC, Bradley Doss, and Davidee Doss ("the Hollywood Imprints Defendants").  Hill alleges that he and these parties entered into a relationship in which he was able to print his products while working at Hollywood Imprints LLC.

In 2006, Hill then reportedly entered into an agreement with The Ohio State University Marching Band in which they would purchase koozies to sell.  Woods subsequently allegedly called Hill to halt the purchase order and told Hill that the band would later re-order.  Years passed without another order occurring.  Meanwhile, The Ohio State University continued to produce products that Hill asserts infringe on his copyrights.  At least some of the same stores that sold these products declined to carry Hill's products, which Hill characterizes as additional evidence of an overarching conspiracy against him.

In addition to approaching The Ohio State University, Hill also purportedly approached George Hopkins, the Director of the Garfield Cadets, with a tee shirt using a copyrighted design

related to that particular group in 1988.  In 1989, Hill then acquired a vendor's license to market his designs at various shows throughout Ohio.  He pleads that "[o]nly one show was attended, due to rain and other circumstances."  (ECF No. 10 ¶ 6.)  In addition to the weather hindering his entrepreneurial efforts, Hill encountered a cease and desist letter from The Cadets – YEA! and Hopkins sometime in the late 1980's or early 1990's.  This resulted in Hill electing not to sell or promote his products, although Hill has continued his attempts to persuade The Cadets – YEA! and Hopkins to sell his products when he has been contacted in fundraising efforts by those entities.  In 2004 and again in 2011, Hill contends that he discovered evidence of The Cadets – YEA! selling products that infringed on his copyright.

Proceeding *pro se*, Hill filed the instant action in October 2012.  In his Amended Complaint (ECF No. 10), which must necessarily be read in conjunction with a list of defendants generally identified by numbers in his pleading (ECF No. 9), Hill apparently asserts five claims related to the foregoing allegations of copyright infringement and breach of contract.  The Hollywood Imprints Defendants have filed a motion to dismiss all of the claims against them. (ECF No. 19.)  The parties have completed briefing on that motion, which is ripe for disposition.

## II.  Discussion

### A.  Standard Involved

The Hollywood Imprints Defendants move for dismissal on the grounds that Hill has failed to set forth claims upon which this Court can grant relief.  This Federal Rule of Civil Procedure 12(b)(6) argument requires the Court to construe Hill's amended complaint in his favor, accept the factual allegations contained in that pleading as true, and determine whether the factual allegations present any plausible claim.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S.

3

554, 570 (2007).  The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Consequently, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

To be considered plausible, a claim must be more than merely conceivable.  *Twombly*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).  What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555.  *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

### B.  Analysis

The Hollywood Imprints Defendants seek dismissal on the grounds that Hill has failed to set forth claims against them upon which this Court can grant relief.  Perhaps more pointedly, they assert that "they do not have any idea of the claims that are being made against them." (ECF No. 19, at PAGEID # 228.)

In his memorandum in opposition, Hill responds to this challenge as follows: "In affording the Defendants latitude and leaway [*sic*], to save face, Plaintiff did not list "Factual allegations" in claim, and in fact waited for defendants to 'come clean", [*sic*] before filing this

suit.  Regarding Plaintiff[']s second attempt to plead, Mr. Hill will now serve notice of his

pleadings against the Defendants."  (ECF No. 21, at PAGEID # 234.)  Hill then proceeds to

present in his memorandum in opposition three pages of factual allegations and other

commentary, as well as a list of over twenty statutes that he apparently finds applicable.

Hill's approach is unacceptable.  A plaintiff cannot salvage an insufficient complaint by

attempting *de facto* amendment of that pleading via a response brief to a motion to dismiss.  *See*

*United States v. Medquest Assocs., Inc.*, 702 F. Supp. 2d 909, 918 n.2 (M.D. Tenn. 2010);

*Newsom v. Xenia City Sch. Dist. Bd. of Educ.*, No. C-3-95-173, 1996 WL 1089065, at *2 (S.D.

Ohio Mar. 25, 1996).  Rather, in considering a motion to dismiss, a court is "limited . . . to the

facts and legal claims as raised in the pleadings."  *Johnson v. Metro. Gov't of Nashville &*

*Davidson Cnty., Tenn.*, 502 F. App'x 523, 541-42 (6th Cir. 2012) (" 'The court may not . . . take

into account additional facts asserted in a memorandum opposing the motion to dismiss, because

such memoranda do not constitute pleadings under Rule 7(a).' " (quoting Moore's Federal

Practice § 12.34)).  Hill is therefore stuck with his Amended Complaint in regard to the instant

motion to dismiss.

The only factual allegations in that pleading that include the Hollywood Imprints

Defendants provide that Hill apparently worked at Hollywood Imprints LLC in exchange for

being able to print his products there.  (ECF No. 10 ¶¶ 16-17.)  Hill then pleads that he "had

information and belief that [the Hollywood Imprints Defendants] colluded with [other

defendants] and committed copyright fraud."  (*Id.* ¶ 20.)  This latter statement is a conclusion; it

is not a factual allegation that provides any of the requisite details of the alleged unlawful

conduct.  This same fundamental deficiency exists in Hill's other pleading statement that "[o]n

information and belief, [the Hollywood Imprints Defendants and other defendants] profited off of Plaintiff[']s IP & copyright designs." (*Id.* ¶ 21.)  Stated most simply, Hill has failed to allege any facts indicating any wrongdoing by the Hollywood Imprints Defendants.  He has alleged only his beliefs, which is precisely the type of speculative pleading that *Twombly* and *Iqbal* reject.  Absent factual content in the Amended Complaint that allows this Court to draw the reasonable inference that the Hollywood Imprints Defendants are liable for the misconduct alleged in any of the claims Hill asserts, the claims lack facial plausibility.

### III.  Conclusion

The Court **GRANTS** the Hollywood Imprints Defendants' motion to dismiss.  (ECF No. 19.)

**IT IS SO ORDERED.**

                                                  _____/s/ Gregory L. Frost_____
                                                  GREGORY L. FROST
                                                  UNITED STATES DISTRICT JUDGE