**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JOHN HILL,**

       **Plaintiff,**

         **v.**

**THE OHIO STATE UNIVERSITY T&L,**
**et al.,**

       **Defendants.**

**Case No. 2:12-cv-984**
**JUDGE GREGORY L. FROST**
**Magistrate Judge Terence P. Kemp**

<u>**OPINION AND ORDER**</u>

This matter is before the Court for consideration of the following filings: a motion to strike (ECF No. 80) filed by Plaintiff, John Hill; a motion to dismiss (ECF No. 33) filed by Defendants The Ohio State University Trademark & Licensing, Richard A. Van Brimmer, The Ohio State University Marching Band, and Jon R. Woods ("The OSU Defendants"); a memorandum in opposition (ECF No. 54) filed by Hill; and a reply memorandum (ECF No. 67) filed by the OSU Defendants. For the reasons that follow, the Court **DENIES** the motion to strike (ECF No. 80) and **GRANTS** the motion to dismiss (ECF No. 33).

**I. Background**

According to the Amended Complaint, Plaintiff, John Hill, is the holder of multiple copyrights. Several of the copyrights are of The Ohio State University Marching Band uniform design and the remaining copyrights are for other marching band or drum corps uniforms from other institutions. Hill wants to start a business in Ohio in which he would incorporate the various marching band uniforms into what he describes as useful articles. He alleges that various defendants have acted to thwart his efforts. These efforts present two basic sets of facts: one centering around The Ohio State University and one centering around the Garfield Cadets.

In 1986, Hill allegedly approached The Ohio State University Band Director Dr. Jon Woods and the band's alumni group with a tee shirt that incorporated Hill's copyrighted Marching Band Uniform design.  Hill avers that his efforts only met with restrictive tactics by these parties used to deter the marketing of his design.  He has approached various defendants since 1989 about the use of his designs, but he has been unable to obtain a license for his products since approximately 1990.

Hill began to apply his designs on useful articles in 2005.  He also designed a sweater vest bottle koozie in 2006 to 2007, which he presented via a mutual friend to the wife of The Ohio State University's former football coach.  During this same period of time, Hill was introduced to Defendants Hollywood Imprints LLC, Bradley Doss, and Davidee Doss ("the Hollywood Imprints Defendants").  Hill alleges that he and these parties entered into a relationship in which he was able to print his products while working at Hollywood Imprints LLC.

In 2006, Hill then reportedly entered into an agreement with The Ohio State University Marching Band in which they would purchase koozies to sell.  Woods subsequently allegedly called Hill to halt the purchase order and told Hill that the band would later re-order.  Years passed without another order occurring.  Meanwhile, The Ohio State University continued to produce products that Hill asserts infringe on his copyrights.  At least some of the same stores that sold these products declined to carry Hill's products, which Hill characterizes as additional evidence of an overarching conspiracy against him.

In addition to approaching The Ohio State University, Hill also purportedly approached George Hopkins, the Director of the Garfield Cadets, with a tee shirt using a copyrighted design

2

related to that particular group in 1988.  In 1989, Hill then acquired a vendor's license to market his designs at various shows throughout Ohio.  He pleads that "[o]nly one show was attended, due to rain and other circumstances."  (ECF No. 10 ¶ 6.)  In addition to the weather hindering his entrepreneurial efforts, Hill encountered a cease and desist letter from Youth Education in the Arts, Inc. (identified in Hill's pleading as "The Cadets – YEA!") and Hopkins sometime in the late 1980's or early 1990's.  This resulted in Hill electing not to sell or promote his products, although Hill has continued his attempts to persuade Youth Education in the Arts, Inc. and Hopkins to sell his products when he has been contacted in fundraising efforts by those entities.  In 2004 and again in 2011, Hill contends that he discovered evidence of Youth Education in the Arts, Inc. selling products that infringed on his copyright.

Proceeding *pro se*, Hill filed the instant action in October 2012.  In his Amended Complaint (ECF No. 10), which must necessarily be read in conjunction with a list of defendants generally identified by numbers in his pleading (ECF No. 9), Hill apparently asserts five claims related to the foregoing allegations of copyright infringement and breach of contract.  The OSU Defendants have filed a motion to dismiss all of the claims against them.  (ECF No. 33.)  Hill has also filed a motion to strike the OSU Defendants' related reply memorandum.  (ECF No. 80.)  Briefing has closed on both of the motions, which are ripe for disposition.[1]

---

[1]  The briefing presents an unusual example of apparent precognitive litigating.  The OSU Defendants filed their motion to dismiss on February 6, 2013.  (ECF No. 33.)  The previous month, however, Hill had filed a document he characterized as a memorandum in opposition (ECF No. 25) to the OSU Defendants' motion to dismiss; a few days later, he then supplemented that memorandum (ECF No. 27).  It is unclear to this Court how Hill was responding to a motion in January 2013 that had not been filed and served upon him until February 2013.  The Court has disregarded the premature responses and has considered the memorandum in opposition that Hill filed after the filing of the motion to dismiss.  (ECF No. 54.)

## II.  Discussion

### A.  Motion to Strike

In his motion to strike, Hill asks this Court to strike the OSU Defendants' reply memorandum (ECF No. 67), which they filed in support of their motion to dismiss (ECF No. 33).  He also seeks costs and attorney's fees.  Nowhere in his motion, however, does Hill provide this Court with any substantive reason why the reply memorandum is impermissible.  Rather, he simply asserts at some length that he disagrees with the contentions set forth in the reply memorandum.  This is an insufficient basis for striking a document.  Accordingly, the Court **DENIES** Hill's motion to strike.  (ECF No. 80.)

### B.  Motion to Dismiss

#### 1.  Standard Involved

The OSU Defendants move for dismissal on the grounds that Hill has failed to set forth claims upon which this Court can grant relief.  This Federal Rule of Civil Procedure 12(b)(6) argument requires the Court to construe Hill's amended complaint in his favor, accept the factual allegations contained in that pleading as true, and determine whether the factual allegations present any plausible claim.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Consequently, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

4

To be considered plausible, a claim must be more than merely conceivable. *Twombly*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

### 2. Analysis

The OSU Defendants seek dismissal on the grounds that Hill has failed to set forth claims against them upon which this Court can grant relief. This Court agrees.

Similar to its treatment of other defendants in this litigation, the Amended Complaint fails to allege facts presenting plausible claims against the OSU Defendants. Instead, Hill has once again pled conclusory allegations against defendants without pleading the critical facts that, necessarily taken as true in this context, would present plausible claims. The OSU Defendants carefully explain in their briefing the elements of each claim that Hill apparently alleges and then note how Hill has failed to present facts targeting those elements. This Court need not repeat such detailed analysis here because the same fundamental flaw pervades every claim at issue, regardless of the varied elements: Hill has failed to tell this Court and the parties what *acts* any defendant has purportedly done.

What this means is that none of the Amended Complaint paragraphs present facts that suggest conspiracy, unfair competition, copyright infringement, or any of the other claims for relief Hill might be pursuing such as Hill's unexplained reference to counterfeiting. Hill has

5

simply failed to tell this Court and the defendants in this litigation what specific improper acts any defendant has done.

For example, in paragraph three of the Amended Complaint, Hill pleads factual allegations targeting his interest in his asserted copyrights.  Paragraph four then asserts that Defendant Woods and other unidentified individuals employed tactics against Hill to deter Hill's marketing of his design.  What is missing from this pleading chain is the substance; Hill has only pled a set-up and a conclusion.  He fails to assert facts leading to his conclusion.

This same fundamental flaw pervades paragraphs thirteen through twenty-one.  In these paragraphs, Hill asserts that he attempted to obtain a license to market his designs, only to meet with refusals by select OSU Defendants.  But Hill fails to provide factual details that taken as true could present plausible claims.  The closest he comes at detailing possibly relevant facts as opposed to making only conclusory allegations is when he asserts that the OSU Marching Band placed an order for koozies and then improperly cancelled the order.  But there is no state law breach of contract claim asserted in this case.  There is instead an assertion of a "Contracts to Interference" claim, which Hill bases on 28 U.S.C. § 2680 (which does not present such a claim for relief) and 28 U.S.C. § 2822 (which does not exist).

The OSU Defendants are correct in asserting that, in light of such shortcomings and other deficiencies, the Amended Complaint violates Federal Rule of Civil Procedure 10(b).  Even setting aside the abundant technical violations and affording the *pro se* Hill the benefit of the doubt, his pleading fails due to its lack of substance.  Regardless of whether the Amended Complaint is read to assert five claims or possibly eight (at times citing statutes that do not exist), with a suggestion of other unidentified claims, the point is that Hill has failed to allege

6

any facts indicating any wrongdoing by the OSU Defendants.  He does not point to any specific allegedly infringing items or any specific conspiratorial actions, and he certainly does not present with the requisite particularity any fraudulent representations related to his claims.  Hill has instead alleged only his beliefs, which is precisely the type of speculative pleading that *Twombly* and *Iqbal* reject.  Absent factual content in the Amended Complaint that allows this Court to draw the reasonable inference that the OSU Defendants are liable for the misconduct alleged in any of the claims Hill asserts, the claims lack facial plausibility.

In his memorandum in opposition, Hill responds to the OSU Defendants' motion by stating that he "is still waiting to hear what happened."  (ECF No. 54, at PAGEID # 360.)  He improperly places the onus on the OSU Defendants to set forth their conduct, either without recognizing or accepting that it is his job as a plaintiff to tell them and this Court what allegedly happened.  Hill also summarizes his pleading and at times adds factual allegations in his memorandum that were not set forth in the Amended Complaint.  This Court has explained previously in regard to the other motions to dismiss in this case that such an approach is unacceptable.  A plaintiff cannot salvage an insufficient complaint by attempting *de facto* amendment of that pleading via a response brief to a motion to dismiss.  *See United States v. Medquest Assocs., Inc.*, 702 F. Supp. 2d 909, 918 n.2 (M.D. Tenn. 2010); *Newsom v. Xenia City Sch. Dist. Bd. of Educ.*, No. C-3-95-173, 1996 WL 1089065, at *2 (S.D. Ohio Mar. 25, 1996).  Rather, in considering a motion to dismiss, a court is "limited . . . to the facts and legal claims as raised in the pleadings."  *Johnson v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 502 F. App'x 523, 541-42 (6th Cir. 2012) (" 'The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not

7

constitute pleadings under Rule 7(a).' " (quoting Moore's Federal Practice § 12.34)).  Hill is therefore stuck with his Amended Complaint in regard to the instant motion to dismiss.  That pleading fails to satisfy a Rule 12(b)(6) analysis.

### III.  Conclusion

For the foregoing reasons, the Court **DENIES** Hill's motion to strike (ECF No. 80) and **GRANTS** the OSU Defendants' motion to dismiss (ECF No. 33).

**IT IS SO ORDERED.**

_____/s/ Gregory L. Frost_____
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE