IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN HILL,

      Plaintiff,

                            Case No. 2:12-cv-984

    v.                        JUDGE GREGORY L. FROST
                            Magistrate Judge Terence P. Kemp

THE OHIO STATE UNIVERSITY T&L,
et al.,

      Defendants.

**OPINION AND ORDER**

This matter is before the Court for consideration of the following filings: a motion to dismiss (ECF No. 52) filed by Defendants Youth Education in the Arts, Inc.[1] and George Hopkins[2] (collectively, "the YEA Defendants"); a memorandum in opposition (ECF No. 57) filed by Plaintiff, John Hill; a reply memorandum (ECF No. 61) filed by the YEA Defendants; a motion to strike (ECF No. 63) filed by Hill; and a memorandum in opposition to the motion to strike (ECF No. 65) filed by the YEA Defendants.  For the reasons that follow, the Court denies the motion to strike and finds the motion to dismiss well taken.

          I.         Background

According to the Amended Complaint, Plaintiff, John Hill, is the holder of multiple copyrights.  Several of the copyrights are of The Ohio State University Marching Band uniform design and the remaining copyrights are for other marching band or drum corps uniforms from

---

[1]  The motion to dismiss explains that Hill has misidentified Defendant Youth Education in the Arts, Inc. as The Cadets – YEA! (ECF No. 52, at PAGEID # 351 n.1.)  This Court shall refer to that defendant by its correct name.

[2]  Hopkins has waived service, which moots Hill's motion for personal service on Hopkins. (ECF No. 78.)  The Court therefore **DENIES** that motion.

1

other institutions.  Hill wants to start a business in Ohio in which he would incorporate the various marching band uniforms into what he describes as useful articles.  He alleges that various defendants have acted to thwart his efforts.  These efforts present two basic sets of facts: one centering around The Ohio State University and one centering around the Garfield Cadets.

In 1986, Hill allegedly approached The Ohio State University Band Director Dr. Jon Woods and the band's alumni group with a tee shirt that incorporated Hill's copyrighted Marching Band Uniform design.  Hill avers that his efforts only met with restrictive tactics by these parties used to deter the marketing of his design.  He has approached various defendants since 1989 about the use of his designs, but he has been unable to obtain a license for his products since approximately 1990.

Hill began to apply his designs on useful articles in 2005.  He also designed a sweater vest bottle koozie in 2006 to 2007, which he presented via a mutual friend to the wife of The Ohio State University's former football coach.

In 2006, Hill then reportedly entered into an agreement with The Ohio State University Marching Band in which they would purchase koozies to sell.  Woods subsequently allegedly called Hill to halt the purchase order and told Hill that the band would later re-order.  Years passed without another order occurring.  Meanwhile, The Ohio State University continued to produce products that Hill asserts infringe on his copyrights.  At least some of the same stores that sold these products declined to carry Hill's products, which Hill characterizes as additional evidence of an overarching conspiracy against him.

In addition to approaching The Ohio State University, Hill also purportedly approached George Hopkins, the Director of the Garfield Cadets, with a tee shirt using a copyrighted design related to that particular group in 1988.  In 1989, Hill then acquired a vendor's license to market

his designs at various shows throughout Ohio. He pleads that "[o]nly one show was attended, due to rain and other circumstances." (ECF No. 10 ¶ 6.) In addition to the weather hindering his entrepreneurial efforts, Hill encountered a cease and desist letter from Youth Education in the Arts, Inc. ("YEA") and Hopkins sometime in the late 1980's or early 1990's. This resulted in Hill electing not to sell or promote his products, although Hill has continued his attempts to persuade YEA and Hopkins to sell his products when he has been contacted in fundraising efforts by those entities. In 2004 and again in 2011, Hill contends that he discovered evidence of YEA selling products that infringed on his copyright.

Proceeding *pro se*, Hill filed the instant action in October 2012. In his Amended Complaint (ECF No. 10), which must necessarily be read in conjunction with a list of defendants generally identified by numbers in his pleading (ECF No. 9), Hill apparently asserts five claims related to the foregoing allegations of copyright infringement and breach of contract. The YEA Defendants have filed a motion to dismiss all of the claims against them. (ECF No. 52.) The parties have completed briefing on that motion, which is ripe for disposition. Hill has also filed a motion to strike the YEA Defendant's motion to dismiss. (ECF No. 63.) This opinion addresses both motions.

## II. Discussion

### A. Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure provides that, on motion of a party, the Court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f) (permitting the striking pleadings or portions of pleadings). When courts are presented with a motion to strike for reasons that fall outside of those specified in the Rule, courts make use of their inherent power to

control their dockets when determining whether to strike document or portions of documents. *Anthony v. BTR Auto Sealing Sys.*, 339 F.3d 506, 516 (6th Cir. 2003); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (trial courts possess the inherent power to "manage their own affairs so as to achieve an orderly and expeditions disposition of cases").

Hill asks this court to strike the YEA Defendant's motion to dismiss (ECF No. 52) on the grounds that the representation of the YEA Defendants by the same counsel creates an impermissible conflict of interest under Ohio Professional Conduct Rule 1.7(b).  Disqualification of a party's attorney is a drastic remedy that should be reserved for cases in which an actual ethical impropriety would taint the trial by undermining a court's confidence in an attorney's representation of his client.  *See SST Castings, Inc. v. Amana Appliances, Inc.*, 250 F. Supp. 2d 863, 865 (S.D. Ohio 2002) (citing *Kitchen v. Aristech Chem.*, 769 F. Supp. 254, 257-59 (S.D. Ohio 1991)).  *See also Wilson v. Morgan*, 477 F.3d 326, 345 (6th Cir. 2007) ("To prevail, plaintiffs must demonstrate that defense counsel 'actively represented conflicting interests and that an actual conflict of interest adversely affected [defense counselor's] performance.' " (quoting *Gordon v. Norman*, 788 F.2d 1194, 1198 (6th Cir. 1986)).  Hill fails to meet the substantial hurdle that confronts motions to disqualify counsel.  Hill's expressed "concern that there may be underlying information that will cause the course of a trial to get off track" and his contention that "any information that has not already been submitted or brought to light, may affect the outcome of this case" only speak to future conflicts that may or may not arise.  Such wholly speculative "conflicts" fall woefully short of what must be shown to demonstrate a conflict of interest sufficient to disqualify counsel.  Beyond the conflict of interest assertion, Hill fails to provide any specific grounds for why the Court should strike the motion to dismiss, and the Court cannot discern any apparent reason to strike the motion from the record.

The Court **DENIES** Hill's motion to strike. (ECF No. 63.)

### B. Motion to Dismiss

#### 1. Standard Involved

The YEA Defendants move for dismissal on the grounds that Hill has failed to set forth claims upon which this Court can grant relief. This Federal Rule of Civil Procedure 12(b)(6) argument requires the Court to construe Hill's Amended Complaint in his favor, accept the factual allegations contained in that pleading as true, and determine whether the factual allegations present any plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Consequently, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

To be considered plausible, a claim must be more than merely conceivable. *Twombly*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise to right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

### 2. Analysis

Hill states in his Amended Complaint that "[i]n 2004, Plaintiff found evidence of Defendant #9 infringing on copyright VAu 144-774." In addition, Hill states that "[a]fter a lapse in time from first infringement, Plaintiff found yet another infringement on the internet on a YouTube video – "Cadets Horns for Sale" in October, 2011." (ECF No. 10 ¶ 10.) Hill further states in his Amended Complaint that "[o]n information and belief, Defendant's [*sic*] #'s [*sic*] 1, 2, 3, 4, 5, 6, 9, & 10, profited off of Plaintiff[']s IP & copyright designs." (ECF No. 10 ¶ 21.) YEA (as The Cadets – YEA!) has been identified as Defendant # 9, and George Hopkins has been identified as Defendant # 10. (ECF No. 9.) Hill makes no other factual allegations with regard to the YEA Defendants.

In the motion to dismiss, the YEA Defendants contend that Hill fails to allege sufficient factual allegations to support any claims. The YEA Defendants further contend that the failure of Hill to allege specific factual allegations leave them with no notice of any claims asserted against them or factual circumstances giving rise to any claims. The Court agrees with the YEA Defendants.

In his memorandum in opposition to the motion to dismiss, Hill continues to assert allegations that he has "been damaged financially by the defendants . . . and has been denied his exclusive rights as a copyright holder." (ECF No. 57, at PAGEID # 384.) Hill further alleges that "Defendants have capitalized off of the Plaintiff's IP and copyrights for many years and has [*sic*] made way over and above what the plaintiff has been able to make from his own copyrights." (ECF No. 57, at PAGEID # 384.) Because none of these allegations are in the Amended Complaint, the Court cannot consider them as informing the motion to dismiss. *See United States v. Medquest Assocs., Inc.*, 702 F. Supp. 2d 909, 918 n.2 (M.D Tenn. 2010) (" 'It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to

dismiss.' " (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984))). Even if the Court were to ignore this blatant flaw, none of the new allegations provide the requisite specific factual details. The statements set forth in the Amended Complaint are merely conclusory and fail to provide sufficient facts from which the Court can infer more than the mere possibility of misconduct on the part of the YEA Defendants.

Alternatively, the YEA Defendants argue in their motion to dismiss that the alleged 2004 infringement is beyond the three-year statute of limitations set forth in 17 U.S.C. § 507(b). The Court agrees on this point. For the aforementioned reasons, the Court **GRANTS** the YEA Defendant's motion to dismiss. (ECF No. 52.)

### III. Conclusion

The Court **DENIES** Hill's motion for personal service (ECF No. 78), **DENIES** Hill's motion to strike (ECF No. 63), and **GRANTS** the YEA Defendants' motion to dismiss (ECF No. 52).

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE